UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-12199-MWF(SK)**                    **Date:  April 14, 2026**

Title:       Julian A. Meraz, et al. v. Republic National Distributing Co., LLC, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
|  |  |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**       ORDER DENYING PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)

Before the Court is the Motion to Remand (the "Motion") filed by Plaintiff Julian A. Meraz, on behalf of himself and others similarly situated, on March 13, 2026. (Docket No. 16).  Defendants Republic National Distributing Company, LLC, and Young's Market Company, LLC filed an Opposition on March 23, 2026.  (Docket No. 18).  Plaintiff filed a Reply on March 30, 2026.  (Docket No. 20).

The Court has read and considered the papers on the Motion and held a hearing on **April 13, 2026.**

The Motion is **DENIED.**  The Court has federal-question jurisdiction over the claims arising under section 512 because they are preempted by a federal statute, the Labor Management Relations Act.  The Court will exercise supplemental jurisdiction over Plaintiff's remaining claims.

I.    **BACKGROUND**

Plaintiff was employed as an hourly, non-exempt employee from on or about August 13, 2018, until September 2, 2025.  (*Id.* ¶ 4).  Plaintiff alleges various "illegal pay practices" committed by Defendants.  (*See id.* ¶¶ 13-39).  Specifically, Plaintiff alleges a failure to pay wages for hours worked at the minimum wage (*id.* ¶¶ 13-18); failure to authorize or permit legally required and compliant meal periods and/or

---

**CIVIL MINUTES—GENERAL**                                                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-12199-MWF(SK)**                    **Date:  April 14, 2026**
Title:        Julian A. Meraz, et al. v. Republic National Distributing Co., LLC, et al.

failure to pay meal period premium wages (*id.* ¶¶ 19-24); failure to authorize and permit all legally required and compliance rest periods and/or failure to pay rest period premiums (*id.* ¶¶ 25-30); failure to indemnify employees for losses and expenditures incurred as part of their employment; (*id.* ¶¶ 31-35); failure to provide accurate wage statements (*id.* ¶¶ 36-37); and failure to timely pay final wages (*id.* ¶ 38-49).

Plaintiff originally filed this action in Los Angeles Superior Court.  (*See* NOR at Exhibit A ("Complaint") (Docket No. 1-2)).  According to Defendants, the Complaint contains claims that may only be brought as contractual claims under the applicable collective bargaining agreement ("CBA"), by virtue of section 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185(a).  (Notice of Removal ("NOR") (Docket No. 1) ¶ 11).  Defendants therefore removed this action on the basis of federal question jurisdiction.  (*Id.* at ¶¶ 11-17).  This Motion followed.

## II.    **REQUEST FOR JUDICIAL NOTICE**

Defendants request that the Court take judicial notice of three documents. (Request for Judicial Notice (Docket No. 19) ("RJN")).

The first two documents are court orders from two cases putatively involving the same CBA as the one in this action.  (*See* RJN ¶¶ 1-2).  The Court can take judicial notice of these court records.  *See Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1158 (S.D. Cal. 2022) ("It is well-established that courts may take judicial notice of the pleadings, filings, and court records of any court.").

The third document is one that is published by the Federal Motor Carrier Safety Administration regarding California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption.  (RJN ¶ 3).  This publication from the FMCSA contains facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *See* Fed. R. Ev. 201(b)(2); (RJN at 2).  Moreover, Plaintiff has offered no opposition to the RJN as to this document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-12199-MWF(SK)                    Date:  April 14, 2026
Title:      Julian A. Meraz, et al. v. Republic National Distributing Co., LLC, et al.

Accordingly, the RJN is **GRANTED**.

## III.   LEGAL STANDARD

### A.   Removal and Complete Preemption

In general, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  To remove a case to federal court, the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "A corollary to the well–pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393).  "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*.

### B.   LMRA

The Supreme Court has long interpreted LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts.  *Curtis v. Irwin Indus., Inc*., 913 F.3d 1146, 1151 (9th Cir. 2019).  Section 301 of LMRA "vests federal courts with jurisdiction to hear suits 'for violation of contracts between an employer and a labor organization representing employees . . . without respect to the amount in controversy or without regard to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-12199-MWF(SK)**                    **Date:  April 14, 2026**
Title:        Julian A. Meraz, et al. v. Republic National Distributing Co., LLC, et al.

citizenship of the parties.'"  *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting 29 U.S.C. § 184(a)).

"By enacting [] LMRA, Congress completely preempted state law for certain labor-related claims."  *Id*.  Because these areas are completely preempted, any such claim is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.  *Id.*  "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court."  *Curtis*, 913 F.3d at 1152.

But "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Allis-Chalmers Corp v. Lueck*, 471 U.S. 202, 211 (1985)).  To determine what claims are preempted under § 301, the Ninth Circuit has adopted a two-step inquiry.  First, if the asserted cause of action involves a right that exists solely as a result of the collective-bargaining agreement ("CBA"), then the claim is preempted and the analysis ends there.  *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  Second, if a plaintiff's state law right is substantially dependent on analysis of the CBA, then the claim is preempted.  *Id*.

## IV.   **DISCUSSION**

Again, while the Complaint alleges only state law claims, Defendants argue that the Court has jurisdiction under 28 U.S.C. § 1331 because certain of Plaintiff's state law claims are completely preempted by LMRA, and therefore give rise to federal-question jurisdiction.

Defendants' primary argument is that Plaintiff's meal and rest periods claim, brought under California Labor Code section 512, is completely preempted under step 1 of the *Burnside* analysis and thus there is federal jurisdiction over that claim.  (*See* Opp. at 22-23).  Section 512 contains statutory requirements for meal periods.  *See* §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-12199-MWF(SK)**                    **Date:  April 14, 2026**
Title:       Julian A. Meraz, et al. v. Republic National Distributing Co., LLC, et al.

512(a).  However, section 512 contains a statutory exemption at section 512(e) and (f) for certain employees covered by CBAs:

> (e) Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied:
>
> > (1) The employee is covered by a valid collective bargaining agreement.
> >
> > (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.
>
> (f) Subdivision (e) applies to each of the following employees: …
>
> > (2) An employee employed as a commercial driver.

Cal. Lab. Code § 512(e), (f).

Defendants thus argue that the CBA that governs Plaintiff's employment relationship here satisfies the requirements in section 512(e), and that Plaintiff himself is employed as a commercial truck driver and so satisfies section 512(f).  (Opp. at 22-23).  If Defendants are correct that Plaintiff is an employee who falls into the statutory exception, then his claims concern a right that exists solely because of a collective bargaining agreement and thus are preempted by the LMRA.  *See, e.g., Sandoval v. Mamco, Inc.,* 2025 WL 485122, at *4 (C.D. Cal. Feb. 13, 2025) (conducting exemption analysis under section 512(e) and finding preemption); *Curtis,* 913 F.3d at 1153-54 (conducting same statutory exemption analysis for another Labor Code provision and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.**  **CV 25-12199-MWF(SK)**                    **Date:  April 14, 2026**
Title:       Julian A. Meraz, et al. v. Republic National Distributing Co., LLC, et al.

holding that if the relevant CBAs meet the exemption requirements, then the plaintiff's right "exists solely as a result of the CBA" and is preempted).

Notably, Plaintiff provides no meaningful rebuttal that the CBA's terms and his employment as a commercial driver satisfy the requirements outlined in section 512(e) and (f).  (*See generally* Reply).  Indeed, Plaintiff only argues in his Reply that the Opposition unfairly characterizes his claims as violative of the CBA when he himself only alleged violations of the Labor Code.  (*See* Reply at 3-5).  But as outlined above, this argument misses the mark, as it ignores the complete preemption doctrine and the effect of the LMRA.

Nonetheless, although Plaintiff has offered no specific opposition to the application of section 512(e) and (f), the Court nonetheless confirms that the CBA meets these statutory requirements:

- As to section 512(f), Plaintiff does not dispute that he is a commercial driver.  (*See* Declaration of Annette Gregorich (Gregorich Decl.) ¶ 4).

- As to section 512(e), the CBA satisfies all statutory requirements.  The CBA provides for wages, hours of work, and working conditions (Article 7, Section 1; Article 29, Section 1); meal periods (Article 7, Section 1; Article 7, Section 2), final and binding arbitration of disputes concerning application of meal period provisions (Article 19), premium wage rates for all overtime hours worked (Article 8, Section 1), and a regular hourly rate of pay of at least 130% of the state minimum wage (*see* Article 29, Section 1; Opp. at 13).

The statutory exemption requirements are thus met here.  Further bolstering this conclusion is *Jimenez v. Young's Market Company, LLC,* 2021 WL 5999082, at *11 (N.D. Cal. Dec. 20, 2021), where the district court interpreted a putatively identical CBA and held that the meal period claims brought under section 512 were preempted by the LMRA.  Plaintiff again does not respond to the applicability of *Jimenez* in his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-12199-MWF(SK)**                    **Date:  April 14, 2026**

Title:       Julian A. Meraz, et al. v. Republic National Distributing Co., LLC, et al.

Reply, nor did counsel for Plaintiff provide a meaningful rebuttal to the reasoning of *Jimenez* when asked at the hearing.

Rather, at the hearing, counsel for Plaintiff again urged the Court to adopt the reasoning outlined in Plaintiff's Opposition — essentially, that even though the CBA exemption in section 512(e) applies here, the exemption is supplied by state law and thus there is no federal question in the Complaint.  But that argument is inconsistent with the reasoning that the Ninth Circuit used in *Curtis* and the reasoning of the district courts in *Sandoval* and *Jimenez* that applied *Curtis*.

This Court employs the same reasoning that the Ninth Circuit did in *Curtis*, albeit in reference to a different provision of the California Labor Code.  The *Curtis* panel explained that the Labor Code section at issue there, section 510, was also subject to a statutory exemption supplied by section 514 when a CBA was in place that met certain requirements set out in section 514.  *See* 913 F.3d at 1154.  The Ninth Circuit explained that "[i]f Curtis's CBAs in this case meet the requirements of section 514, Curtis's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301."  *Id.*  That same rationale applies here and dictates that Plaintiff's section 512 claim is completely preempted under the LMRA.  And again, the *Sandoval* court applied the reasoning of *Curtis* to this precise Labor Code provision and held there was complete preemption, as this Court does now.  *See* 2025 WL 485122 at *4.

Because the statutory requirements are met, the section 512 claims are preempted and the Court has federal-question jurisdiction over the meal and rest period claims.  Since the remainder of Plaintiff's claims are intertwined with Plaintiff's meal and rest period claims such that they are a part of the same case or controversy, the Court will exercise supplemental jurisdiction to adjudicate those claims as well.  *See* 28 U.S.C. § 1367(a); *see also Jimenez,* 2021 WL 5999082, at *13 (exercising supplemental jurisdiction over the remaining state law claims because they "derive from a 'common nucleus of operative fact'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-12199-MWF(SK)**              **Date:  April 14, 2026**
Title:      Julian A. Meraz, et al. v. Republic National Distributing Co., LLC, et al.

The Court notes that Defendants advanced several additional preemption arguments, including one as to a federal statute that was not mentioned in the Notice of Removal.  (*See* Opp. at 23-33).  The Court declines to rule on these preemption arguments given the more limited scope of the analysis on a Motion to Remand, but such a ruling is without prejudice given that they may well become a basis for dismissal of certain claims.

Accordingly, the Motion to Remand is **DENIED**.

IT IS SO ORDERED.